## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Randall Mosser, Douglas Mosser, Marilyn Koon, and Jayne Harkin, <br><br> Plaintiffs, <br><br> vs. <br><br> Denbury Resources, Inc. and Denbury Onshore, LLC, <br><br> Defendants. | **ORDER RE POSSIBLE CERTIFICATION OF ISSUES TO THE NORTH DAKOTA SUPREME COURT** <br><br> Case No. 1:13-cv-148 |

After careful review of the pending motion for summary judgment and plaintiffs' response, the court is contemplating the possibility of certifying several questions to the North Dakota Supreme Court. The reasons are several and include: (1) the lack of controlling North Dakota precedent and the uncertainty as to how North Dakota courts would resolve the issues; (2) the relative importance of the issues to other litigants; (3) and the fact that these questions are likely to come before this court in other future cases.[1] See Anderson v. Hess Corp., 649 F.3d 891, 895 (8th Cir.2011); Hagen, D.O. v. Siouxland Obstetrics & Gynecxology, P.C., 964 F. Supp. 2d 951, 960-61 (N.D. Iowa 2013). Further, while certification will delay resolution of this case now, it may later pay dividends in terms of promoting a possible settlement as well as lessening the possibility of an appeal where the Eighth Circuit would to have struggle with the same questions as to what North Dakota's law is and may itself certify similar questions.

---

[1] The same questions set forth below were presented to the court in Fisher v. Continental Resources Inc., Civ. No. 1:13-cv-097. Because plaintiff had not yet commenced using the surface owner's pore space for disposal of saltwater, the court declined to address whether or under what circumstances compensation would have to be paid for use of the pore space under N.D.C.C. § 38-11.1-04. Id. at Doc No. 82.

The questions the court is contemplating certifying are the following:

1. Does a surface owner's right to recover damages under § 38-11.1-04 extend to a mineral developer's use of pore space underlying the surface owner's land for disposal of saltwater generated as a result of drilling operations?

2. If the answer to question 1 is yes, is the right to recover damages under § 38-11.1-04 limited to when the surface owner can demonstrate there was a reasonable probability of the surface owner using the pore space within the near future, *e.g.*, the surface owner developing and using the pore space for the surface owner's own benefit or by leasing it to another?

3. Are damages under § 38-11.1-04 for a mineral developer's use of the pore space for disposal of salt water recoverable only if the surface owner can prove a diminution in value of the surface estate resulting from the use and occupancy of the pore space?

4. If the answer to the preceding question is no, can a surface owner recover damages under § 38-11.1 by competent proof of what others are paying for use of pore space on per a barrel basis, assuming the court concludes that the transactions being relied upon are "arms length" and fairly comparable?

The parties are directed to provide within 15 days any objections to the court certifying one or more of the questions to the North Dakota Supreme Court as well as requests for changes in the wording of the questions or additional questions. In proposing any revised language or other questions, please keep in mind the requirements of N.D. R. App. P. 47(c), which, among other things, requires that the questions be formulated in a manner allowing the question to be answered as "yes" or "no." If the court concludes that one or more questions should be certified, it will prepare an accompanying statement that complies with Rule 47(c).

**IT IS SO ORDERED.**

Dated this 6th day of October, 2016.

                                                            */s/ Charles S. Miller, Jr.*
                                                            Charles S. Miller, Jr., Magistrate Judge
                                                            United States District Court